UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM D. HERRIN**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-05359 |
| | ) | |
| vs. | ) | |
| | ) | |
| **MENSA CAPITAL INVESTMENTS, LLC** and **ERIC FELDMAN & ASSOCIATES, PC**, | ) ) ) | Honorable John F. Kness |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS UNDER 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406**

Plaintiff, William D. Herrin ("Herrin"), by and through his undersigned attorneys, for his response to order to show cause [Doc. 31] why this case should not be transferred to the United States District Court for the Central District of Illinois under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406, states:

I.   **INTRODUCTION AND RELEVANT FACTS**

Plaintiff brought this action to secure redress against unlawful collection practices engaged in by Mensa Capital Investments, LLC ("MCI") and its attorneys Eric Feldman & Associates, PC ("Feldman"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by all defendants. Herrin owns the home located at 1504 Julie Drive, Bloomington, Illinois 61701 (the "Home"), which is in the United States District Court for the Central District of Illinois. Defendant MCI is a limited liability company existing under the laws of the state of Alaska which does business in this District in Illinois. Its principal place of business is in Denver, Colorado. Feldman

1

is a professional corporation organized and existing under the laws of Illinois. Its members are engaged in the practice of law as a business in this district. Feldman maintains offices at 123 W Madison St., Suite 1650, Chicago, IL 60602 and has its registered agent located at 2130 Wesley Ave., Evanston, Illinois 60201.

MCI and Feldman are both residents in this District and venue is proper in this District. Moreover, any objection which either defendant could potentially have raised to improper venue has been waived. Both defendants appeared through counsel and moved to dismiss the amended complaint, but therein raised no objection to either personal jurisdiction or venue. Finally, dismissal or transfer of an action for improper venue where there has been no objection is not appropriate in this Circuit.

## II.   PROCEDURAL BACKGROUND

Plaintiff commenced this action on August 8, 2019 and filed his First Amended Complaint ("FAC") [Doc.6] on August 9, 2019. The case was initially assigned to the Docket of The Honorable Andrea R. Wood. A waiver of service was executed and returned by each defendant [Doc. 8 and 9]. Thereafter, Donald J. Kindwald filed his attorney appearance on behalf of both defendants. [Doc.10]. On October 11, 2019, defendants filed their joint Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") [Doc. 18]; plaintiff filed his response [Doc.19], and defendants filed a reply [Doc. 20]. On February 28, 2020, the case was reassigned by Executive Committee Order to the docket of this Court [Doc. 22]. By minute entry on May 22, 2020, the Court ordered plaintiff to show cause why this case should not be transferred to the United States District Court for the Central District of Illinois under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406 [Doc. 31]. No party has sought transfer or dismissal of this action on the grounds of improper venue.

### III.  APPLICABLE STANDARDS

While personal jurisdiction[1] governs a court's power over a defendant, Federal venue rules determine in which judicial district (among those that have the power to hear a given suit) a suit should be heard. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979).  Civil venue is a creature of statute, intended to limit the potential districts where one may be called upon to defend oneself in any given matter to those that are fair and reasonably convenient. *Id*. The general federal venue statute, 28 U.S.C. § 1391, provides that venue in a civil case is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial
> district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The statute further provides that a corporate defendant is deemed to "reside" "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). In states with multiple judicial districts such as Illinois, subsection (d) limits the residency of a corporation to "any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."

---

[1] The Court's personal jurisdiction over both defendants is not in dispute. Each defendant has appeared and voluntarily submitted to the Court's jurisdiction, and has waived any conceivable objection.

Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in this judicial district because Feldman is a resident of this district and MCI is a resident of Illinois because the court has personal jurisdiction over MCI, having sufficient contacts to this district. MCI retained counsel, Feldman in this district to prepare and file the pleadings which are at issue. Further, Feldman is alleged to have communication with counsel for plaintiff in this district regarding the merits of the foreclosure case at issue.

Fed. R. Civ. P. 12(h)(1) provides that improper venue is waived as a ground of dismissal when not timely raised. Moreover, as a general rule, the court should not dismiss an action *sua sponte* for improper venue. *Auto. Mechanics Local 701 v. Vanguard Car Rental*, 502 F.3d 740, 746 (7th Cir. 2007) ("District courts should not, as a matter of general practice, dismiss *sua sponte* either for improper venue or for failure to follow a forum selection clause.").

Section 1404(a) states that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) authorizes the Court to transfer matters based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). District courts are thus granted "a substantial degree of deference . . . in deciding whether transfer is appropriate." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 977-78 (7th Cir. 2010). The moving party "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). The Court may transfer a case under section 1404(a) when: "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the

convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice." *Hanover Ins. Co. v. N. Bldg. Co.,* 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012).

## IV. ANALYSIS

### a. Venue in Transferor and Transferee Districts

Here, venue is proper in both the transferor and transferee districts. Neither party has objected to venue in this judicial district. Under 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The FAC alleges venue is proper in this judicial district "because the collection communications and practices giving rise to the claims occurred within this District." FAC, ¶ 18. That is enough to establish that venue is proper in this District. See, e.g., *Moore v. AT&T Latin America Corp.*, 177 F. Supp. 2d 785, 788-89 (N.D. Ill. 2001) (holding that venue was proper where contract was negotiated and signed by individuals in the district because "[a]s long as the contacts in plaintiffs' chosen district are substantial, venue is proper notwithstanding the possibility that defendants' activities may have been more substantial somewhere else") (quotation omitted).

### b. Convenience of the Parties and Witnesses

"In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017) (citation omitted). Defendant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey*

5

*v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Considering the five factors together, the Court concludes that Defendant has not met its burden.

### i. Plaintiff's Choice of Forum

This factor weighs substantially against transfer. A "plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum." *Kjaer Weis*, 296 F. Supp. 3d at 930 (citation omitted). Here, Plaintiff chose this judicial district though he resides in the Central district. Any argument that this forum is not convenient to the plaintiff is thus not at issue. Plaintiff's choice of forum is to be given substantial weight and weighs significantly against transfer. See, e.g., *Obartuch v. Meadows of Wickenburg, Inc.*, No. 18 C 280, 2019 WL 330473, at *4 (N.D. Ill. Jan 25, 2019).

### ii. Situs of the Material Events

This factor is neutral. The subject foreclosure case was initiated in the Central district, but Feldman, attorney for the plaintiff in that action, maintains its offices in the Northern district. Pleadings in the foreclosure case were prepared and dispatched from Feldman's offices in Chicago and Feldman communicated with counsel in this district. FAC, ¶ 55.

### iii. Relative Ease of Access to Sources of Proof

This factor is also neutral. It refers primarily to documentary evidence, and the physical location of documents is less important than it once was given the advent of electronic discovery. See *Kjaer Weis*, 296 F. Supp. 3d at 931-32; *Chi. Reg'l Council of Carpenters v. Willman Constr., Inc.*, No. 15 C 10163, at *8 (N.D. Ill. March 22, 2017). Here, records related to the foreclosure at issue are presumably located in Feldman's Chicago offices and in the public records of the Circuit Court of McLean County. This factor is thus neutral. See *Preston v. Am. Honda Motor Co., Inc.*, No. 17 C 3549, 2017 WL 5001447, at *4 (N.D. Ill. Nov. 2, 2017).

### iv. Convenience of Witnesses

The fourth factor, the convenience of witnesses, weighs against transfer. Convenience to Plaintiff is not an issue because he has chosen this district and thus has undertaken any inconvenience to appear in this district. Plaintiff's primary witnesses are located in this district. They are his attorney in the foreclosure case and the attorneys in Feldman's Chicago offices. MCI has chosen counsel having offices here. Its choice of counsel here mitigates against transfer. This factor thus weighs against transfer.

### v. Convenience to the Parties of Litigating in the Respective Forums

The last factor is the convenience to the parties, which weighs against transfer. For this factor, "courts consider the residences and resources of the parties—in essence, their 'abilit[y] to bear the expense of trial in a particular forum.'" *Kjaer Weis*, 296 F. Supp. 3d at 934 (citation omitted). A corporation is at home where it resides, and a plaintiff entity is deemed to reside where it maintains its principal place of business." *HealthRight Products, L.L.C. v. Coastal Counting & Indus. Scale Co., Inc.*, No. 17 CV 50203, 2019 WL 247543, at *2 (N.D. Ill. Jan. 17, 2019) (citing 28 U.S.C. § 1391(c)(2)). Here, the Northern District of Illinois is Defendant Feldman's home forum, as its principal place of business are located here. MCI is deemed a resident of both Districts as it is amenable to personal jurisdiction in Illinois. A transfer "cannot be used simply to shift the one party's inconvenience onto another party." *HealthRight*, 2019 WL 247543, at *4 (citation omitted). Defendants cannot demonstrate that they would be more inconvenienced litigating in the Northern district than Plaintiff would be litigating in the Central district—in other words, the inconvenience of each venue is at best comparable. See *In re National Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir. 2003) ("When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the

7

alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff[.]"). This factor weighs against transfer.

### c. The Interests of Justice

"In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Hanover Ins. Co.*, 891 F.Supp.2d at 1025. The first factor, speed at which the case will proceed to trial, weighs against transfer. The parties have fully briefed Defendants' motion to dismiss [Doc. 16, 19 and 20], which is pending before the Court. Additionally, the parties have already exchanged Rule 26 disclosures and documents.

For the twelve-month period ending December 31, 2019, the median time for civil cases to proceed from filing to trial was 39.0 months in the Northern District of Illinois and 37.2 months in the Central District of Illinois. *See* Federal Court Management Statistics (12-Month Period Ending December 31, 2019)[2]. This factor is neutral, though given the advanced procedural posture in this district it leans ever so slightly against transfer.

The remaining interest-of-justice factors, however, are neutral. The second factor is the court's familiarity with the applicable law. It is presumed that this court as well as the judges of the Central district are familiar with the FDCPA and ICFA actions. As for the third and fourth factors, both districts have a relationship to the controversy.

Venue is not a contest — the venue statute doesn't require the Northern District to be the *best* forum. *See Brito v. Urbina,* 2018 WL 3672743, at *4 (N.D. Ill. 2018); *Nicks v. Koch Meat*

---

[2] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2019.pdf

8

*Co.,* 260 F. Supp. 3d 942, 952-53 (N.D. Ill. 2017). The ties to the Northern District are more than enough to make it an acceptable forum.

Dated: June 12, 2020 *Respectfully submitted,*

**WILLIAM D. HERRIN**

By: /s/ *Rusty Payton*
Rusty Payton
PAYTON LEGAL GROUP
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Avenue
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com

9

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS UNDER 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406** was served via the Court's Electronic Filing System on all parties and counsel of record on the following date.

Date: June 12, 2020                  By: */s/ Rusty A. Payton*

**SERVICE LIST**

Donald J. Kindwald
KINDWALD LAW OFFICES, P.C.
105 W. Madison Street, Suite 1800
Chicago, IL 60602
djk@kindwaldlaw.com