William D. Herrin
                        Plaintiff,

v.                                                                Case No.: 1:19−cv−05359
                                                                Honorable John F. Kness

Mensa Capital Investments, LLC, et al.
                        Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, February 19, 2021:

      MINUTE entry before the Honorable John F. Kness:Before the Court is Plaintiff's motion for default judgment. (Dkt. 51.) Despite being provided with the opportunity (see Dkt. 52), Defendant Mensa Capital Investments, LLC has not filed a written opposition to the motion for default judgment. But the lack of a written opposition does not end the default−judgment inquiry, for although the wellpleaded allegations of a complaint relating to liability are taken as true upon a default, the allegations "relating to the amount of damages suffered ordinarily are not." *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). That said, a judgment by default can be entered without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* at 1497. That is not the case here. In addition to specifically−enumerated statutory damages and legal fees incurred obtaining a default judgment, Plaintiff seeks to recover $15,000 for pain, stress, and anxiety he has allegedly suffered, as well as reimbursement for time he spent rebuffing Defendant's illegal debt collection attempts. (Dkt. 51 at 4–6.) The Court cannot assess Plaintiff's claim that he suffered these harms and that the amount he seeks is an appropriate sum to remedy them without the benefit of an evidentiary hearing. *See Scott v. Peterson,* No. 09 C 1633, 2010 WL 3173001, at *5 (N.D. Ill. Aug. 11, 2010) (assessing emotional distress damages after prove−up hearing); *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004) ("Even when a default judgment is warranted based on a party's failure to defend... [t]he district court must... conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."). Accordingly, the Court orders Plaintiff to appear on 3/9/2021 at 02:30 p.m. at which time the Court will conduct prove−up hearing under Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings... when, to enter or effectuate judgment, it needs to:... (B) determine the amount of damages.... "). The parties shall use the same call−in information [41]. Mailed notice(ef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.