# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. HERRIN, ) ) Plaintiff, ) ) v. ) ) MENSA CAPITAL INVESTMENTS ) LLC, ) ) Defendant. ) ) | No. 19-cv-05359 Judge John F. Kness |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment under Rule 55(b) of the Federal Rules of Civil Procedure. After considering the materials and memorandum submitted by Plaintiff, the Court makes the following findings of fact and conclusions of law:

1. This case concerns a foreclosure action prosecuted by Defendant Eric Feldman & Associates, PC ("Feldman & Associates") acting as counsel for Defendant Mensa Capital Investments, LLC ("Mensa") against a McLean County, Illinois property occupied by Plaintiff under the terms of a mortgage held by Mensa. During the prosecution of that action, Plaintiff alleges Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"). Specifically, Plaintiff alleges that (1) Defendants prosecuted the action after it was clear that foreclosure was procedurally barred under Illinois law; and (2) Feldman & Associates falsely told

Plaintiff during a conversation outside the courtroom that Plaintiff would lose his home if he failed to pay his mortgage. (Dkt. 6 ¶¶ 29-32.)

2. Plaintiff filed suit on August 8, 2019. (Dkt. 1.) On August 19, 2019, Plaintiff filed an executed summons as to Feldman & Associates. (Dkt. 7.) On September 17, 2019, Plaintiff filed an executed waiver of service as to Mensa. (Dkt. 8.)

3. On October 11, 2019, Defendants moved to dismiss. (Dkt. 16; *see also* Dkt. 19 (response) Dkt. 20 (reply).) On May 22, 2020, the Court ordered Plaintiff to show cause in writing why this case should not be transferred to the United States District Court for the Central District of Illinois under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. (Dkt. 31.) The Court also granted Defendants leave to file a responsive memorandum. (*Id.*) Plaintiff filed a responsive memorandum. (Dkt. 33.) Defendants did not.

4. On July 24, 2020, counsel for Defendants moved to withdraw. (Dkt. 35.) The Court directed "Defendants themselves respectively to file, ex parte and under seal, a written response to the motion to withdraw on or before" September 21, 2020. (Dkt. 36.) The Court also reminded Defendants that, "as corporate entities, they cannot appear pro se but must instead be represented by counsel." (*Id.* (citing *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("corporations must appear by counsel or not at all")).)

5. Defendants missed the deadline to file their response. On October 1, 2020, the Court granted counsel's motion to withdraw contingent on counsel serving

a copy of the Court's order granting the motion on Defendants. (Dkt. 37.) The Court again reminded Defendants that they were not permitted to appear pro se and were required to be represented by counsel. (*Id.*) Counsel filed a certificate of service the same day. (Dkt. 38.)

6. On October 15, 2020, a representative of Feldman & Associates emailed court staff and stated that Feldman & Associates was attempting to obtain new counsel but needed a 30-day continuance to do so. (Dkt. 39.) The Court granted the continuance and set a status hearing for November 17, 2020. (*Id.*)

7. On November 16, 2020, Plaintiff filed a notice of voluntary dismissal of his claims against Feldman & Associates. (Dkt. 40.) The Court therefore dismissed the claims against Feldman & Associates under Rule Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Dkt. 42.)

8. At the November 17, 2020 status hearing, only counsel for Plaintiff appeared. (Dkt. 41.) The Court therefore ordered Mensa to appear at a hearing on December 1, 2020 and "show cause why it should not be found in default for failing to respond to the Court's recent orders." (*Id.*) The Court instructed Plaintiff to provide a copy of its show-cause order to Mensa and to file proof of that service on the docket. (*Id.*) Plaintiff did so on November 20, 2020. (Dkt. 43.)

9. Mensa did not appear at the December 1 show-cause hearing. The Court thus directed the Clerk to enter a default against Mensa under Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 44; *see also* Dkt. 46 (Clerk's entry of default).) The Court ordered Plaintiff to file any motion for default judgment by December 23,

2020. (Dkt. 44.) Plaintiff moved for and the Court granted an extension of that deadline to February 5, 2021. (Dkt. 50.)

10. On February 5, 2021, Plaintiffs moved for entry of a default judgment under Rule 55(b). (Dkt. 51.) The Court instructed Plaintiff to file on the docket proof of service of his motion on Mensa and allowed Mensa the requisite seven days to object to the motion. (Dkt. 52); *see* Fed. R. Civ. P. 55(b)(2) ("appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."). Plaintiff filed the proof of service the same day. (Dkt. 53.)

11. In his motion for default judgment, Plaintiff seeks: (1) actual damages under 15 U.S.C. §1692k(a)(1) in the form of $2,280 for time he spent rebuffing Mensa's illegal debt-collection attempts; (2) actual damages under §1692k(a)(1) in the form of $15,000 to remedy pain and emotional distress he suffered; (3) the maximum statutory damages under 15 U.S.C. §1692k(a)(2)(A) of $1,000; and (4) reimbursement under 15 U.S.C. §1692k(a)(3) for legal fees and costs of $33,418.75.

12. Because allegations relating to liability are taken as true upon a default but the allegations relating to the amount of damages suffered are not, *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989), the Court conducted a prove-up hearing to determine the correct damages award. Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages . . . ."). At the hearing, Plaintiff testified as to the emotional distress and lost time he suffered as a result of Mensa's conduct. In

addition, Plaintiff provided affidavits in support of his requests for attorney's fees and costs.

13. Considering all the evidence presented at the prove-up hearing and in the detailed affidavits in support of Plaintiff's motion for default judgment, the Court finds Plaintiff has adequately supported each of his damages claims.

14. Plaintiff has met his burden to show he suffered emotional distress damages. The Seventh Circuit imposes a "high threshold for proof of damages for emotional distress." *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir. 2001). When a plaintiff's own testimony is the only evidence of emotional distress damages, "he must explain the circumstances of his injury in reasonable detail." *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003). Plaintiff has done so. In addition to the declaration he submitted in support of his motion for summary judgment, Plaintiff testified during the prove-up hearing that Mensa's actions caused him to lose sleep, exacerbated his migraine headaches, and impacted his relationships with other people. The Court finds Plaintiff's testimony credible. The emotional anguish he described is precisely what a person could be expected to suffer in response to the prospect of losing a home.

15. Even absent corroborating evidence of the physical symptoms Plaintiff suffered, emotional distress damages may be warranted if "the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Dunlap*, F.3d at 929. That is precisely the case here. Plaintiff faced perhaps the most daunting form of debt

collection: foreclosure on his home. Though the foreclosure lacked any legal merit, it persisted for years. During that time, Mensa's agents told Plaintiff (falsely) that he would lose his home if he did not make the payments they demanded. Plaintiff further testified that, because Mensa brought its baseless foreclosure action in a small community, Plaintiff was humiliated by the public discussion of his personal finances. Unlike cases where the Seventh Circuit has rejected claims for emotional distress damages because the plaintiff faced the prospect of a small pecuniary loss or an indirect harm from an error in credit reporting—*see, e.g., Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 610 (7th Cir. 2005); *Bagby v. Experian Info. Sols., Inc.*, 162 F. App'x 600, 605 (7th Cir. 2006) (nonprecedential disposition)—the high stakes and intrusiveness in this case were "so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress." *Dunlap*, 330 F.3d at 929. Plaintiff has therefore met his burden to show he suffered actual damages in the form of emotional distress.

16. The Court further concludes that $15,000 is a reasonable sum to compensate Plaintiff's emotional distress. Because the trial court is "in a superior position to find facts and determine a proper damages award," district courts have wide discretion to determine the sum appropriate to remedy an emotional harm. *Farfaras v. Citizens Bank & Tr. of Chicago*, 433 F.3d 558, 567 (7th Cir. 2006). Plaintiff testified that he spent three years litigating the foreclosure action, that he suffered emotional distress for the entirety of that time, and that his distress did not abate until the action was terminated. Plaintiff therefore asks for $5,000 per year, which is

6

less than $100 per week in damages. The Court finds that $100 per week is a reasonable amount to quantify Plaintiff's emotional injury; $15,000 is therefore an appropriate award. *Cf. Perkons v. Am. Acceptance, LLC*, No. CV-10-8021-PCT-PGR, 2010 WL 4922916, at *3 (D. Ariz. Nov. 29, 2010) ($5,000 in damages sufficient to compensate the plaintiff for her emotional distress where the harm persisted for only a single month) (citing *Kajbos v. Maximum Recover Solutions, Inc.*, 2010 WL 2035788, at *3 (D. Ariz. May 20, 2010) (similar)).

17. The Court also finds that Plaintiff has suffered actual damages in the form of time spent litigating the foreclosure action. Time spent defending against an illegal debt collection attempt is a recognized form of actual damages in FDCPA cases. *See Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809, 816 (N.D. Ill. 2001) (FDCPA plaintiff stated claim for "time spent on this case and her inconvenience"); *cf. Armbrister, v. Pushpin Holdings, LLCI*, No. 12-cv-00246, 896 F. Supp. 2d 746, 756 (N.D. Ill. 2012) ("'time and money' spent defending debt collection lawsuits can be an actual injury under" Illinois Consumer Fraud Act); *Thompson v. CACH, LLC*, No. 14-cv-00313, 2014 WL 5420137, at *8 (N.D. Ill. Oct. 24, 2014) (same). Plaintiff is a paralegal in downstate Illinois who bills $95 per hour for his services. (Dkt. 51-1 ¶ 22.) Plaintiff attests that he spent 24 hours making court appearances and otherwise litigating Mensa's foreclosure action. (*Id.* ¶ 21.) These are both reasonable amounts. *Cf. Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 906 (N.D. Ind. 2013) ($135 per hour was reasonable paralegal rate in FDCPA case in small market). The Court

7

thus finds that $2,280 is a reasonable damages award to compensate Plaintiff for time spent defending against Mensa's illegal debt collection practices.

18. In addition to actual damages, the Court finds that $1,000 in statutory damages is appropriate. 15 U.S.C. §1692k(a)(2)(A). In deciding the amount of statutory damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). As noted above, the conduct in this case persisted for years and threatened to deprive Plaintiff of his home. The Court therefore concludes that the maximum statutory penalty of $1,000 is proper. *Cf. Johll v. Premier Recovery Grp., Inc.*, No. 14-CV-113-WMC, 2014 WL 2090703, at *1 (W.D. Wis. May 19, 2014) (imposing maximum statutory penalty where defendant made misrepresentations regarding lawsuit against plaintiff).

19. Finally, the Court grants Plaintiff's request for attorney's fees. Prevailing FDCPA plaintiffs are entitled to an award of costs and reasonable attorney's fees. 15 U.S.C. §1692k(a)(3); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995). The Court has wide discretion in setting and adjusting the amount of attorneys' fees. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). Plaintiff bears the burden of submitting a reasonable hourly rate to be applied to a number of hours his attorneys reasonably expended. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The Court then multiplies the two figures to arrive at a reasonable attorney fee award (this is known as the "Lodestar" method). *Id.* Plaintiff requests fees from one attorney (Rusty A. Payton) and one paralegal (Linnea

Pedelty). (Dkt. 51-2, 51-3.) Payton billed 53.20 hours at $515 per hour for a total of $27,948; Pedelty billed 21.87 hours at $225 per hour for a total of $4,920.75. (*Id.*) These staffing levels and hours-spent are reasonable given the procedural history of this case. As to the rates, the Court notes that these rates are higher than some courts in this district have allowed when faced with contested fee motions in FDCPA cases. *E.g.*, *Chatman v. Stellar Recovery, Inc.*, No. 16 C 833, 2017 WL 951246, at *2 (N.D. Ill. Mar. 10, 2017). But Mensa has not appeared to contest Plaintiff's request for fees, which are supported by the United States Consumer Law Attorney Fee Report. (*See* Dkt. 51 at 6-7.) Moreover, this case presented more complex factual and legal issues than the run-of-the-mill FDCPA case. Given the procedural history and complexity of the legal issues, the Court concludes Plaintiff's fee request is reasonable.

20. One final note: before Plaintiff took a voluntary dismissal as to Feldman, both Mensa and Feldman filed a motion to dismiss. (Dkt. 16; *see also* Dkt. 19 (response) Dkt. 20 (reply).) Mensa's subsequent default precludes it from prevailing on the merits of that motion. *See Media Commc'n Inc. v. Multimedia, Sign Up, Inc.*, No. 99 C 5009, 1999 WL 966078, at *3 (N.D. Ill. Oct. 8, 1999) (a defaulting defendant "loses his standing to defend on the merits") (quoting *In re Uranium Litigation*, 473 F.Supp. 382, 386 (N.D. Ill. 1979) (entry of default "deprive[s] the defaulting defendant of his [or her] standing in court, [the] right to receive notice of the proceedings, and [the] right to present evidence at the final hearing.")).

21. Nevertheless, the Court, having considered the motion, notes that it lacks merit. Mensa's argument that it is not a "debt collector" under the FDCP runs

contrary to the vast body of caselaw holding otherwise from this Court and every appellate court that has reached that issue. *See Berg v. McCalla Raymer Leibert Pierce, LLC*, 2019 WL 5592720, at *4 (N.D. Ill. Oct. 30, 2019) (Durkin, J.) ("a judicial foreclosure action qualifies as debt collection under the FDCPA"); *Kabir v. Freedman Anselmo Linberg LLC*, 2015 WL 4730053, at *3 (N.D. Ill. Aug. 10, 2015) (Ellis, J.) ("a foreclosure action qualifies as debt collection"); *Khan v. OneWest Bank, F.S.B.*, 2017 WL 1344535, at *7 (N.D. Ill. Apr. 12, 2017) (Shah, J.) ("mortgage foreclosure can be debt collection"); *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 179 (3d Cir. 2015); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012); *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006). Further, Mensa's contention that Plaintiff "cannot provide any facts to allege that Mensa engaged in any wrongdoing because anything filed or prosecuted before 2018 [when they inherited the case] was unrelated to Mensa" is baseless. (Dkt. 16 at 8 (bracketing added).)

22. Plaintiff alleges that, regardless of who initiated the foreclosure case, Mensa violated the FDCPA by continuing to prosecute it even though they knew the case would be procedurally barred. (Dkt. 6 ¶¶ 29, 32.) Mensa admits that it filed an amended complaint. (Dkt. 16 at 8.) And Mensa does not assert that Plaintiff's allegations regarding what they knew when they filed that complaint, if proved, would fall short of establishing liability. *Cf. Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 810 (7th Cir. 2016) ("pleadings or filings in court can fall within

10

the FDCPA"); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (false statement in state court complaint was "false representation in an attempt to collect the debt, in violation of" the FDCPA). Finally, Mensa's complaint that Plaintiff "provides no evidentiary support" for his allegations (Dkt. 16 at 7) misconstrues the standard at the motion to dismiss stage, at which point "evidentiary support" is neither required nor desired. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("specific facts are not necessary; the statement need only give the defendant fair notice" of the claim and its basis) (citation omitted); *Klug v. Chicago Sch. Reform Bd. of Trustees*, 197 F.3d 853, 859 (7th Cir. 1999) (plaintiffs may plead themselves out of court with respect to issues that usually would not be decided on the pleadings if they choose to plead particulars); *Johns-Manville Sales Corp. v. Chicago Title & Tr. Co.*, 261 F. Supp. 905, 908 (N.D. Ill. 1966) (striking complaint containing excessive evidentiary material). Accordingly, even if it did not fail due to Mensa's subsequent default, the motion to dismiss would fail on the merits.

23. Based on the foregoing, the Court grants Plaintiffs' request for a default judgment and awards $17,280 in actual damages under 15 U.S.C. § 1692k(a)(1), $1,000 in statutory damages under 15 U.S.C. §1692k(a)(2)(A), and $33,418.75 in legal fees and costs under 15 U.S.C. §1692k(a)(3).

24. An order of judgment will be entered separately.

SO ORDERED in No. 19-cv-05359.

Date: March 15, 2021

JOHN F. KNESS
United States District Judge